UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BYRON HARRIS, JR., | ) | CASE NO. 1:16 CV 1493 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| STATE OF OHIO, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Byron Harris, Jr. has filed this *in forma pauperis* civil action against the State of Ohio and the Cuyahoga County Jail. (ECF No. 1.)

He alleges that on June 10, 2016, while he was in the custody of the Cuyahoga County Jail and being transported with other inmates on an elevator, the elevator malfunctioned such that the elevator was lower than the floor on which he needed to exit. In order to exit the elevator, the plaintiff placed his hands on the upper floor and pushed his weight up. He alleges that in the process of doing this, he "felt like [he] pulled a muscle" and subsequently notified Officer T. Smith, who called medical. Although he asserts his situation was "not an emergency," he alleges he feels the "medical staff" denied him proper medical attention, and that his rights were "neglected on behalf of the Cuyahoga County," because he was not provided immediate medical care but was told he had an appointment in medical on June 13, 2016. He asks the "court to consider cruel and unusual punishment for the denial of up front medical attention and pain and suffering," for which he seeks $200,000 in damages.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), federal district courts are required under 28 U.S.C. §§ 1915(e) and 1915A to screen and dismiss before service any *in forma pauperis* action, and any action in which a prisoner seeks relief from a governmental entity or officer or employee of a governmental entity, that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim, a *pro se* complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Analysis**

Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A. First, neither of the defendants may be sued for damages. The State of Ohio is immune from suits for damages under the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 340-41, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). The Cuyahoga County Jail is not *sui juris* and lacks capacity to be sued, and there are no allegations suggesting the misconduct the plaintiff complains of came about pursuant to a policy, statement, regulation, decision or custom of Cuyahoga County itself. *See Boggs v. Miami Cnty. Jail*, No. 3:11CV00122, 2011 WL 3813079,

at *2 (S.D. Ohio Aug. 9, 2011), report and recommendation adopted, No. 3:11CV00122, 2011 WL 3813033 (S.D. Ohio Aug. 29, 2011) (dismissing action against county jail for lack of medical care).

Second, plaintiff's allegations, even liberally construed, are insufficient to state a plausible cruel and unusual punishment claim under the Eighth Amendment even if he had sued proper defendants. Failure to provide adequate medical treatment to a prisoner is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). To establish a claim, a plaintiff must establish objective and subjective components. He must show both that his medical condition posed a "substantial risk of serious harm" to him, and that the defendant acted with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Seriousness is measured objectively, in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Estelle*, 429 U.S. at 103). Deliberate indifference requires a plaintiff to show that the prison official in question "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010).

Plaintiff's allegations are insufficient to demonstrate either required component. His allegations that he felt pain as if he "pulled a muscle" do not support a plausible inference that he suffered an objectively "serious medical need" requiring immediate medical care. Additionally, he has not alleged facts supporting a plausible inference that any prison official was deliberately

indifferent to his needs by subjectively appreciating a "serious" risk to his heath and consciously disregarding it.

## Conclusion

Accordingly, upon initial review, this action is dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 25, 2016

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**